## BUNK WHITE v. STATE.

No. A-5513. Opinion Filed May 15, 1926.
(246 Pac. 487.)

W. C. Hall, for appellant.

The Attorney General, for the State.

PER CURIAM. Bunk White was convicted on an information which charged that in Hughes county, February 16, 1924, he did "sell intoxicating liquor, to wit,

whisky, to Daniel Narcomy," the jury leaving the punishment to be fixed by the court. Motion for new trial was duly filed and overruled, and the court sentenced defendant to pay a fine of $150 and be confined in the county jail for 90 days. To reverse the judgment he appeals and assigns as error that the verdict is not sustained by sufficient evidence and is contrary to law.

The state relied for this conviction on the testimony of Daniel Narcomy, a Seminole Indian, who testified that he met the defendant on the street near the Farmers' National Bank in Holdenville and asked him if he knew where he could buy some whisky, and the defendant said yes, he knew where he could get some; that he gave him $2, and they went together until they reached the Rock Island depot. The defendant went over in the negro part of town and returned with a half pint of whisky. He further testified as follows:

"Q. You understand that Bunk was taking your money and going over there to buy this liquor from a bootlegger in order to get a drink of liquor himself, and he drank some of it when he brought the whisky back? A. No, sir.

"Q. You don't mean to say you wouldn't give a negro a drink? A. I did not drink any.

"Q. He drank some? A. He drank it.

"Q. That is just the way it happened? A. Yes, sir.

"Q. Was it pretty good whisky? A. I don't know.

"That is all. The state rests."

The defendant demurred to the evidence and moved the court to instruct or advise the jury to return a verdict of acquittal, because the evidence is insufficient to warrant a conviction. The motion was denied and exception taken.

As a witness in his own behalf, the defendant testified that he used to live on a farm with Narcomy; that the Indian was telling the truth when he said he gave him $2 to buy some whisky; that he went over there and got a half pint of whisky; that he did not sell the Indian any whisky; that he got nothing but the whisky out of the transaction.

Judge Warren, former Justice of the Supreme Court, testified that the defendant worked for him for several years; that he knew his general character and reputation, and it was that of a law-abiding citizen.

An examination of the record shows there was no evidence of a delivery by the defendant of the half pint of whisky in question. It appears that the defendant drank it; therefore we do not think there was evidence from which the jury might legally find the fact that the sale was consummated by delivery to the prosecuting witness.

We are therefore of the opinion that the court below should have sustained the motion for a directed verdict.

The judgment is reversed.